CHARLES H. BEST, as Administrator, etc., of HENRY N. BEST, Deceased, Plaintiff, v. NORTH AMERICAN ACCIDENT INSURANCE COMPANY, Defendant.

Supreme Court, Albany County, March 5, 1927.

Insurance — accident insurance — action on policy covering switchman employed by street railway company — insured died as result of injuries suffered when struck by automobile while turning or cleaning switch at street intersection over which railway company had franchise — policy provided insurer would not be liable if insured was injured while "on a railroad right of way, except an established crossing," or "while working on a public highway or railroad right of way" — insurer is not relieved from liability because decedent was not at established crossing when struck — decedent was neither working on public highway nor as watchman, within meaning of policy — fact that insurer had knowledge that deceased had only one arm at time of issuance of policy, deemed waiver of provision invalidating policy unless insured was sound physically — judgment for plaintiff.

An accident insurance policy, covering plaintiff's intestate, a switchman employed by a street railway company, which provided that the carrier would not be liable if the insured was injured "while on a railroad right of way, except an established crossing," or "while working on a public highway or railroad right of way," does not relieve said carrier from liability for insured's death as the result of injuries suffered after being struck by an automobile, while turning or cleaning a switch at a street intersection, over which his employer had a franchise to operate its cars. The fact that decedent was injured while at work in a public street, but not at an established crossing therein, does not free the carrier from liability, since the provision in the policy imposing liability for injuries suffered "while on a railroad right of way, except an established crossing" means the right of way over private property, either of the railroad or others, and the exception relates to points where said right of way is crossed either by public or private crossings.

Decedent was not injured while working on a public highway, within the meaning of the policy, for that exception means an employee of a street or highway department and cannot be interpreted as meaning a person who, in the exercise of his ordinary employment, might have occasion to pass on or over streets or highways. Neither was the deceased a watchman in his employment as a switch tender, under said policy, since the whole context of the clause plainly shows that the word "watchman" means one who is protecting against depredations or injuries by the elements.

The insurer, having had knowledge that deceased had only one arm at the time of the issuance of the policy, the amputation having taken place a long time prior thereto, must be deemed to have waived a provision in the policy which invalidated it unless the insured was in sound physical condition when the policy was issued.

The complaint, which contained no allegation of waiver as to this provision of the policy, may be considered to be amended so as to allege waiver. Plaintiff is entitled to judgment.

ACTION under an accident insurance policy covering a switch-tender employed by a street railway company.

*H. J. Crawford*, for the plaintiff.

*Carter & Conboy*, for the defendant.

Nichols, J.   The defendant on July 27, 1925, for a good consideration, issued a policy of insurance to Henry N. Best, plaintiff's intestate.   The insured, Henry N. Best, was then a man sixty-five years of age and had but one arm, having lost an arm many years prior to the date of issuance of said policy.   For a period of seven years prior to the issuance of the policy, insured was in the employ of the United Traction Company, a domestic street railway company, as a switchtender at State and Pearl streets in the city of Albany, N. Y.   These switches where insured was employed were located twenty-eight and one-half feet westerly of the west curb of North Pearl street on State street and from five feet to nineteen and one-half feet west of the westerly line of the west crosswalk on North Pearl street across State street.   In winter, insured was also required to keep the switches clear of snow and ice.   On March 28, 1926, while said policy of insurance was in force and effect, the insured was standing at the switch on State street, from five feet to nineteen and one-half feet west of the westerly line of the westerly crosswalk on North Pearl street across State street, standing between the double tracks of said traction company, and while in the act of turning or cleaning one of the switches, was struck and knocked down by an automobile truck proceeding south on North Pearl street and which truck was turned suddenly to the west into State street; and insured died the next day as the result of the injuries sustained, without regaining consciousness, his death being caused solely from being struck by said automobile truck.   At the time of the accident, Best was in good physical condition and sound in body and limbs and had no deformities or defects except the one arm which had been removed at the elbow and upon which he used a wooden arm with a hook attached.

For many years said traction company has owned and operated a double-track electric line extending over State street at the point where this accident occurred.   The traction company did not own the land on which the tracks were laid, but owned a franchise duly granted by the city of Albany which franchise reads in part as follows:

" Sec. 7. The cars of said company shall have a right of way on these tracks as against any person, carriage or any incumbrance placed or being placed thereon with a view to obstruct said tracks or delay said cars where there shall be an opportunity to turn off, under a penalty of five dollars for each offense."

By the terms of said franchise and the Railroad Law of this State, said traction company is compelled to maintain and keep

in repair the pavement between its tracks and for a space of two feet on either side thereof. Automobiles and vehicles have at all times been accustomed to drive over, upon and along that portion of said pavement where the tracks are located.

Said policy of insurance contained the following clause:

" Part III. (a) By being struck, knocked down or run over while walking or standing on a public highway by a moving vehicle propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed or liquid power (excluding injuries sustained while on a railroad right of way, except an established crossing, or sustained while working on a public highway or railroad right of way); "

One of the defenses set up in defendant's answer is that the insured was killed while on a railroad right of way and not at the established crossing. As this provision in the policy was made by the defendant, it must be construed strictly against the defendant; and it does not seem to this court that the railroad right of way mentioned in said clause of the policy means the right of way on a public street or highway, especially where as it is limited (as in the present case) " except an established crossing." The public had the right to cross this right of way at any point and the policy does not state a street crossing. It, therefore, means a right of way over private property, either of the railroad or others, and the exception relates to points where the same is crossed either by public or private crossings. Otherwise, if it means a railroad right of way on a public street or highway where every part is a public crossing, said exception would be nonsensical, excepting the entire right of way.

The defendant also sets up a defense that the insured was killed while working on a public highway. This is not the meaning of the exception contained in the policy which 'means an employee of the street or highway department and does not mean a person who, in the exercise of his ordinary employment, might have occasion to pass on or over the streets or highways.

The defendant also sets up as a defense that the insured came to his death while working on a railroad right of way, from the statement contained in " Part III (a) " above quoted; as this railroad right of way is set forth in the same clause as the right of way above referred to, it must have the same meaning and refer to a right of way on private property.

The defendant also sets up a defense based on section 2 of the general provisions of said policy which reads as follows:

" (2) The insurance under this policy does not cover a watchman, policeman or a volunteer or paid fireman while on duty."

The defendant claims that the deceased was a watchman

under his employment as a switchtender and was, therefore, precluded from recovering under said policy. If such construction was to obtain, it would apply to any employee of any corporation or person whose duties at all times of course are to protect his employer's property. The whole context of the clause plainly shows that the word " watchman " means one who is employed in protecting against depredations or injuries by the elements.

The defendant sets up a further defense under the 5th subdivision of the general provisions of the policy, which reads as follows:

" (5) This policy shall not cover injuries, fatal or non-fatal, suffered without the territorial limits of continental United States of America or the Dominion of Canada. The insurance hereunder shall not be valid unless the Insured is in sound condition physically and mentally when this policy is issued."

This defense being that the insured was not at the time of said accident in sound condition physically in that one of his arms had been amputated at or near the shoulder a long time previous to the date of issuance of said policy. The accident or injuries were not in any way caused by the fact that the insured had but one arm; and the defendant through its agents and employees who solicited the insurance from the intestate had full knowledge at the time of the issuance of the policy that the insured had only one arm and must be deemed to have waived that provision of the policy; and while there is no allegation of waiver in the complaint, the complaint and all the proceedings in the case can be considered to be amended so as to allege the waiver of the provision relative to the loss of the arm.

The plaintiff is entitled to a judgment for $1,000, with interest from July 28, 1925, besides costs.

Each party may prepare findings setting up the agreed statement of facts and such conclusions of law as they deem to be established and forward same to me for my rulings thereon.